IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ALI OKLU, )
)
    Petitioner, )
)
vs. )  12 CR-177; 14 Civ. 845 (WHP)
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

RESPONSE TO GOVERNMENT'S SUPPLEMENTAL
MEMORANDUM OF LAW AND MOTION
FOR EVIDENTIARY HEARING

COMES NOW, Ali Oklu, Petitioner, Pro Se, and respectfully submits this Response To Government's Supplemental Memorandum Of Law And Motion For Evidentiary Hearing. In so doing, the Petitioner, requests this Court grant an evidentiary hearing to further expand on the record.

In support thereof, the Petitioner states the following:

1) Petitioner filed a Section 2255 Motion, as well as affidavits, recordings, and attorney emails supporting that motion.

2) Petitioner's counsel, Philip L. Weinstein, hereinafter "counsel" forced Oklu to enter a plea of guilty rather than proceed to trial.

3) Counsel failed to investigate possible defenses and review discovery and other evidence Oklu obtained.

4) Counsel forced Oklu to plead guilty pursuant to a plea agreement with the Government (and that the plea agreement contained an incorrect calculation under the United States Sentencing

Guidelines.

5) Counsel failed to advise Oklu that the plea agreement included a waiver of his ownership interest in weapons seized upon his arrest.

## ATTORNEY'S AFFIDAVIT

In response to Petitioner's Motion, counsel filed an affidavit claiming:

1) Counsel discussed all 75 DVD's and 40 CD's with him.

2) Counsel believed there was overwhelming evidence against Petitioner if he proceeded to trial.

3) Counsel flatly rejects Petitoner's claim with respect to the coercion his sisters allege occurred prior to Oklu's plea.

4) Counsel claims he spent at least 224 hours working on the case, and that investigators and paralegals in the Federal Defender's office spent an additional 100 plus hours working on the case.

5) Counsel claims to have reviewed all 75 DVD's and 40 CD's.

6) Counsel claims he discussed the guideline options, as well as the details and options of entering into an open plea.

7) Counsel denies the claim that he did not explain the forfeiture content and proceedings contained in the plea agreement.

## FACTUAL DISPUTES

1) Oklu swore under oath counsel never discussed the DVD's

or CD's or any other exculpatory evidence.

2) Oklu claims counsel believed he was guilty from day one and therefore never attempted to build any type of defense.

3) Oklu provide counsel with affidavits from his two sisters regarding his coercion claim.

4) Oklu's Memorandum in Support shows that there were no case notes whatsoever relating to the case or all counsel's alleged hours of research.

5) Oklu attempted to contact counsel by phone, email, and letter to discuss the contents of videos and audios without response and to no avail.

6) Oklu swore under oath counsel never communicated any option but to accept a written plea containing faulty guideline calculations.

7) Oklu claims counsel explained he would be required to forfeit guns to another individual, not to the Government.

## DISCUSSION

An evidentiary hearing shall be granted with respect to a Section 2255 petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255(b). To avoid summary dismissal without the benefit of a hearing, a petitioner is required to establish only that his claim is plausible. See Puglis v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Armienti v. United States, 234 F.3d 820, 823 (2d

Cir. 2000)). However, if the record contradicts the petitioner's factual assertions, the court is not required to assume that the claims are credible. Id at 214. After it has reviewed both the petitioner's submissions and the underlying record, [t]he court then determines whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief. If material facts are in dispute, a hearing should usually be held, and relevant findings of facts made. Id at 213.

Because Petitioner allegations of ineffective assistance speak to counsel's purported actions-or inactions-outside the presence of the Court, the merits of Petitioner's claim cannot be fully adjudged without an evidentiary hearing. See Chang v. United States, 250 F.3d 79, 85 (2d. Cir. 2001)(observing that the Petitioner's claim "involves off-the-record interactions with his trial counsel and therefore cannot be determined by examining the motion, files, and records before the district court"); Armienti, 234 F.3d 820, 825 (2d Cir. 2000)("These issues implicate actions taken by counsel outside the presence of the trial judge and therefore could not ordinarily be resolved by him without such a hearing.") In other words, Petitioner has come forward with at least a plausible claim, based on the record before the Court, that his attorney failed to investigate or challenge the data underlying the sentence enhancements and thus improperly advised him to sign the Plea Agreement. Nothing more is required at this stage in the proceedings; summary dis-

missal would therefore be inappropriate, and an evidentiary hearing is warranted with respect to Petitioner's Sixth Amendment claim. Simon v. United States, 2014 U.S. Dist. Lexis 90449; 12CV5209(ER)(S.D.N.Y.)(Granted Evidentiary Hearing).

In this Court, it has been said, "the threshold for an evidentiary hearing in the context of a habeas application pre-dates Raysor. Compare Raysor, 647 F.3d at 494("A defendant seeking a hearing on an ineffective assistance of counsel claim need establish only that he has a plausible claim...not that he will necessarily succeed on the claim"), with Contino v. United States, 535 F.3d 124, 128(2d Cir. 2008)(per curiam)(Finding a district court may decline to hold an evidentiary hearing where petitioner does not "demonstrate a colorable claim of ineffective assistance.") and Chang v. United States, 250 F.3d 79, 85(2d Cir. 2001)("[Section 2255] requires the district court to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."'(quoting 28 U.S.C. § 2255(b))). Saleh v. United States, 2014 U.S. Dist. Lexis 108752, 93 Cr181, 01 cv 169 (S.D.N.Y.).

CONCLUSION

WHEREFORE, for the reasons stated herein, Oklu hereby requests THIS HONORABLE COURT ORDER an Evidentiary Hearing to establish the facts outside of the record.

Respectfully submitted,

Executed on: 02/23/15

Ali Oklu, pro se

-5-

VERIFICATION

I hereby certify under penalty of perjury that the foregoing statements and recitation of events are true and correct to the best of my knowledge and/or belief.

Executed on: 02/23/15

_____
Ali Oklu, pro se

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that a true and correct copy of the foregoing has been placed in the institutional legal mail system, appropriate postage prepaid and addressed to:

Office of the AUSA
1St. Andrew's Plaza
New York, NY 10007

On this, 23rd day of February, 2015.

_____
Ali Oklu, pro se
65879-054, FPC
P.O. Box 350
Beaver, WV 25813

