UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
     :
UNITED STATES OF AMERICA                          :
     :        12 Cr. 177 (WHP)
        - v. -                                        :
     :
ALI OLKU,                                                      :
     :
                      Defendant.          :
     :
------------------------------------------------------------------------X

## THE GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

 

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Karin S. Portlock
Assistant United States Attorney
   *Of Counsel*

**PRELIMINARY STATEMENT**

The Government respectfully submits this supplemental briefing as directed by the Court in its Memorandum and Order of April 7, 2016 (Dkt #151) (the "Order") in further opposition to defendant Ali Oklu's *pro se* motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (the "Motion"). As instructed, the Government addresses: "(1) why Counts One and Three should not have been grouped pursuant to § 3D1.1 [of the United States Sentencing Guidelines]; (2) if Counts One and Three should have been grouped, whether Oklu was prejudiced by his counsel's failure to raise that argument; and (3) whether the Government would entertain an application from Oklu seeking to transfer any lawfully-owned firearms seized in connection with his arrest consistent with the Supreme Court's recent decision in *Henderson* v. *United States*, 135 S. Ct. 1780 (2015)." Order at 12. As set forth below, the Motion should be denied because Oklu's counsel was not ineffective for failing to raise a grouping argument, and *Henderson* has no application to this case.

**ARGUMENT**

**I.   Oklu's Counsel Was Not Ineffective for Failing to Raise a Grouping Argument**

Oklu cannot establish that he received ineffective assistance as a result of his counsel's failure to raise a grouping argument. The Government agrees that under U.S.S.G. § 3D1.2(d), Counts One and Three likely should have been grouped because that Section provides that the guidelines applicable to the substantive offenses that are the objects of the conspiracies charged in those counts "are to be grouped." U.S.S.G. § 3D1.2(d); *see also id*. Application Note 6 ("A conspiracy . . . to commit an offense is covered under subsection (d) if the offense that is the object of the conspiracy . . . is covered under subsection (d)."). Grouping would have avoided the two-level multiple-count adjustment under U.S.S.G. § 3D1.4(d), resulting in a total offense

level of 22 and a Guidelines range of 30 to 37 months' imprisonment. Nevertheless, the Probation Office declined to group the counts in the Presentence Investigation Report (PSR), and this Court adopted the PSR's calculation, which comported with the Guidelines range in the Plea Agreement, of 37 to 46 months at sentencing. The defendant understood that the Guidelines calculation in the Plea Agreement was not binding on the Court—as confirmed by his representations at the plea proceeding and his signing of the Plea Agreement. (Pl. Agr. 5 ("It is understood pursuant to U.S.S.G. § 6B1.4(b) neither the Probation Office nor the Court is bound by the above Guidelines Stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event the Probation Office or the Court . . . contemplates any sentence outside the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same."); Pl. Tr. 9:23-10:22)).

Counsel's failure to make a grouping argument does not render his performance constitutionally ineffective. "Where, as here, defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea." *United States* v. *Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (internal quotation marks and alteration omitted). The Plea Agreement and the defendant's own acknowledgment at the plea proceeding confirm that he was undoubtedly "aware of actual sentencing possibilities," and nevertheless chose to enter a guilty plea. *Id*. Accordingly, his argument that he received ineffective assistance as a result of the Plea Agreement's apparent miscalculation of the applicable Guidelines range fails. *See United States* v. *Rosen*, 409 F.3d 535, 548-49 (2d Cir. 2005) (affirming district court's denial of

defendant's motion to withdraw plea where plea agreement provided that "neither the Probation Department nor the Court is bound by the [stipulated Guidelines range," and concluding that "[a]n agreement that has made such express provisions with respect to the possibility of a mistaken prediction as to sentencing calculations is not a proper candidate for rescission on the ground of mutual mistake when that possibility has come to fruition." (internal quotation marks omitted)).

In addition, even assuming *arguendo* counsel's performance was deficient for failing to raise a grouping argument, Oklu cannot establish prejudice.  To do so, Oklu must show "that there is a reasonable probability that were it not for counsel's error[], he would not have pled guilty and would have proceeded to trial." *Arteca*, 411 F.3d at 320.  The Motion contains no such assertion, and a fair reading of the record belies any claim of prejudice.  As this Court found, the Plea Agreement conferred benefits on Oklu, including avoiding a leadership role enhancement, limiting the loss amount, and dismissal of Count Two. *See* Order at 7.  In view of these and other advantages of the defendant's guilty plea, the defendant cannot establish that he would not have pled guilty and proceeded to trial absent counsel's failure to make a grouping argument. *See Arteca*, 411 F.3d 321-22 (finding "no . . . probability" defendant would have proceeded to trial despite plea agreement's miscalculation of Guidelines range where  (1) defendant "pled guilty even though he knew that the plea agreement's estimate of his applicable Guidelines range might be incorrect, and that in any event the court could impose a sentence outside that range up to the statutory maximum," (2) "in pleading guilty, [defendant] earned a three-level reduction from his base offense level for acceptance of responsibility—a benefit that he would have lost had he gone to trial," (3) "[defendant's] co-defendants ha[d] also pled guilty, and [defendant] has not provided any persuasive reason for doubting the strength of the

government's case against him," and "the government would presumably have been free to prosecute [defendant] on any open counts against him, possibly resulting in a sentence exceeding even the statutory maximum for the offense to which [defendant] pled guilty" had he gone trial). Accordingly, the Motion should be denied.

## II. The Supreme Court's Decision in *Henderson* Is Inapplicable to Oklu Because the Plea Agreement Forecloses Transfer or Sale of His Firearms

The Supreme Court's decision in *United States* v. *Henderson*, 135 S. Ct. 1780 (2015) has no bearing on this case and accordingly, the Government will not entertain an application by the defendant to transfer the firearms seized in connection with his arrest. In *Henderson*, the Court addressed whether and under what circumstances a convicted felon may transfer lawfully-owned firearms to a third party without violating 18 U.S.C. § 922(g), which proscribes a felon's possession of firearms. *See Henderson*, 135 S. Ct. at 1784-87. In doing so, it held that a court possesses equitable authority "to approve the transfer of guns, consistent with § 922(g) if, but only if, that disposition prevents the felon from later exercising control over those weapons so that he could either use them or tell someone else how to do so." *Id*. at 1786.

Oklu, unlike the defendant in *Henderson*, pled guilty pursuant to a plea agreement in which Oklu "agree[d] to waive any ownership or other rights in the firearms he possessed and surrendered to the Government at the time of his arrest." (Pl. Agr. 6). *Henderson* provides no basis to nullify that agreement, which the defendant entered into knowingly and voluntarily with awareness of its terms. *See* Order at 5-6; (Pl. Tr. 9:4-18 (Q: Sir, I have before me a letter dated December 7 from the government to your attorney that contains the plea agreement. Are you familiar with this letter? A: Yes. Q: Have you read it? A: Yes. Q: Did you sign on the last page today? A: Yes, I did. Q: Before you signed it, did you discuss it with your attorney? A: Yes. Q: Did he explain to you all its terms and conditions? A: Yes. Q: Apart from what's contained

in [the] letter, sir, have any promises been made to you in order to get you to plead guilty?  A: No.)).

Oklu has no other avenue to obtain relief from the waiver of his rights to the firearms in the Plea Agreement.  This Court has already properly concluded that any ineffective assistance by Oklu's counsel in advising Oklu of this consequence of the agreement cannot be remedied by a motion under 28 U.S.C. § 2255, "which is limited to claims to vacate, set aside or correct an unlawfully imposed sentence."  Order at 11.  And in any event, Oklu cannot establish that but for counsel's failure to properly advise him on this point, Oklu would not have pled guilty and would have instead proceeded to trial.  *See* supra Point I.  Oklu makes no such claim.[1]  While the Government has consented to vacatur of an order of forfeiture on at least one prior occasion, it has not done so where forfeiture was part of the plea agreement and allocution, as is the case here.  *See, e.g.*, *United States* v. *Delacruz*, No. 08-1192, 345 Fed. Appx. 656 (2d Cir. 2009) (holding that even when forfeiture was omitted from the plea agreement and was not referenced at plea proceeding, judgment will not be vacated where the defendant fails to demonstrate "'that the error prejudicially affected his substantial rights'" (quoting *United States* v. *Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006)), but nevertheless ordering remand for vacatur of forfeiture order upon agreement of Government and defendant).  Accordingly, because Oklu expressly relinquished any right to the firearms in the Plea Agreement and there is no basis to nullify that agreement, the Government will not entertain an application by Oklu to transfer the firearms under *Henderson* or any other authority.

## CONCLUSION

For the foregoing reasons and for those set forth in the Government's earlier submissions, the Government respectfully submits that the Motion be denied in its entirety.

---

[1] In fact, Oklu's Motion requests that he be permitted to "plead anew."  Motion at 14.

5

Dated: April 21, 2016
New York, New York

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:   /s/ Karin S. Portlock
       Karin S. Portlock
       Assistant United States Attorney
       (212) 637-1589