UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                           :

ALI OKLU,                                     14cv845
                                           :

            Movant,                12cr177
                                           :

     -against-                MEMORANDUM & ORDER
                                           :

UNITED STATES OF AMERICA,
                                           :

            Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4-27-16

WILLIAM H. PAULEY III, District Judge:

        Petitioner Ali Oklu[1] moves for habeas relief pursuant to 28 U.S.C. § 2255. By Memorandum and Order dated April 7, 2016, this Court rejected several of Oklu's arguments but directed the Government to submit supplemental briefing addressing Oklu's claim that Counts One and Three of the Information should have been grouped pursuant to U.S.S.G. § 3D1.1. See Oklu v. United States, No. 12-cr-177, 2016 WL 1383530 (S.D.N.Y. Apr. 7, 2016) (the "April 7 Order"). The facts underlying this proceeding are set forth in the April 7 Order and not repeated here.

        On April 21, 2016, the Government conceded "that under U.S.S.G. § 3D1.2(d), Counts One and Three likely should have been grouped because that Section provides that the guidelines applicable to the substantive offenses that are objects of the conspiracies charged in those counts 'are to be grouped.'" Grouping those counts would have reduced Oklu's stipulated guidelines range from 37–46 months to 30–37 months. Because the guidelines range was miscalculated, this Court concludes that Oklu's counsel rendered ineffective assistance, and that

---

[1] Oklu retained counsel on April 25, 2016. Before that time he had been proceeding pro se.

his habeas petition should be granted and his sentence vacated.  This Court orders the immediate release of Ali Oklu from the custody of the Bureau of Prisons and sets this matter down for resentencing.

## LEGAL STANDARD

Under 28 U.S.C. § 2255(a), federal prisoners may challenge sentences "imposed in violation of the Constitution or laws of the United States."  Because the Sixth Amendment protects the right to effective assistance of counsel, ineffective assistance of counsel is a basis for relief under § 2255.  See Morales v. United States, 635 F.3d 39, 42–43 (2d Cir. 2011).

To prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must show that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency in representation, the result of the proceeding would have been different—i.e., that he was prejudiced by his counsel's deficient performance.  Lynch v. Dolce, 789 F.3d 303, 311 (2d Cir. 2015) (citing Strickland v. Washington, 466 U.S. 668, 687–88, 693–94 (1984)).  The prejudice component of the Strickland test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.  Kovacs v. United States, 744 F.3d 44, 49–53 (2d Cir. 2014).  There is a strong presumption that counsel exercises reasonable judgment in all significant decisions.  Strickland, 466 U.S. at 690.

## DISCUSSION

Despite its concession that Counts One and Three of the Information should have been grouped, and that grouping those counts would have reduced Oklu's stipulated Guidelines range, the Government argues that: (1) counsel's failure to make a grouping argument does not render his performance constitutionally ineffective, and (2) even if it did, Oklu cannot establish

prejudice.

In Johnson v. United States, the Second Circuit "h[e]ld that defense counsel's failure to object to a sentencing calculation error that likely resulted in an increase in defendant's period of incarceration constituted ineffective assistance of counsel." Johnson v. United States, 313 F.3d 815, 818–19 (2d Cir. 2002). Here, Oklu's counsel stipulated to a guidelines range that the Government now concedes was erroneous. Accordingly, Oklu's counsel's "failure to object to the calculation error was a clear lapse in representation." Johnson, 313 F.3d at 818; see also Williams v. United States, No. 14-cv-0829 (KMW), 2015 WL 710222, at *6 (S.D.N.Y. Feb. 19, 2015) (granting petitioner's § 2255 petition where petitioner's "counsel failed to challenge an error in the PSR" that resulted in a "sentencing guidelines range [that] was higher than it would have been without the error, and that range was relied upon by the sentencing court").

With respect to the prejudice prong of the Strickland test, the issue "is whether, but for the lapse [in representation], is there a reasonable probability the sentence would have been the same." Johnson, 313 F.3d at 818; see also Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) ("[T]he defendant must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence.").[2] This Court rejects the Government's position that Oklu was not prejudiced by his counsel's failure to object to an error in his guidelines calculation. Indeed, "[i]t is difficult to imagine a circumstance more prejudicial than being in prison for a longer time than the law requires." Harris v. United States, No. 97-cv-1904 (CSH), 2002 WL 31427358, at *7 (S.D.N.Y. Oct. 30, 2002). This common-sense proposition is well-grounded in case law. For example, in Glover v.

---

[2] The Government's brief misses the point entirely, erroneously arguing that Oklu would need to demonstrate that "were it not for counsel's error, he would not have pled guilty and would have proceeded to trial." (Gov't Mem. at 3.)

United States, the Supreme Court held that a defendant suffered prejudice under Strickland when counsel failed to correct a guidelines grouping error that would have resulted in a lower guidelines range for his client, noting "that any amount of [additional] jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203 (2001).  Such prejudice becomes particularly acute where, as here, the defendant "was given a sentence on [the highest or lowest] end of the sentencing guidelines range, [thereby] suggesting that the [defendant] would have received a lower sentence had the PSR properly calculated his base offense level." Williams, 2015 WL 710222, at *6 (citing Johnson, 313 F.3d at 818).  Finally, to end any speculation about whether Oklu was prejudiced, this Court avers that had it been aware that Oklu's guidelines range was 30–37 months, it would have sentenced him principally to 37 months of imprisonment.

    Accordingly, because Oklu was denied effective assistance of counsel, his sentence must be vacated pursuant to 28 U.S.C. § 2255.

CONCLUSION

Oklu's petition for a writ of habeas corpus is granted. Oklu's sentence is vacated. The Bureau of Prisons is directed to release Oklu immediately. Oklu is directed to report to the Pretrial Services Office in the Southern District of New York within 72 hours of his release from custody. The Government and Oklu's counsel are directed to confer on a date for resentencing.

The Clerk of Court is directed to mark this civil action as closed.

Dated: April 27, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies sent to all counsel of record via ECF.*